IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                        ORDER

     v.                                       10-cr-196-wmc
                                                   10-cr-198-wmc

PATRICE TREVINO,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Patrice Trevino's probation was held on February 22, 2011, before U. S. District Judge William M. Conley. The government appeared by Assistant U. S. Attorney Paul W. Connell. Defendant was present in person and by counsel, Associate Federal Defender Erika L. Bierma. Also present was U. S. Probation Officer Traci L. Jacobs.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the District of Kansas on February 18, 2010, following her conviction under Case No. F:08-9849M-01, for Count 1: assault in violation of 18 U.S.C. § 113(a)(4), a Class B misdemeanor; and Count 2: assault, resisting, or impeding certain officers or employees, in violation of 18 U.S.C. § 111(a)(1), a Class A misdemeanor (currently Case No. 10-cr-196-wmc). Defendant was sentenced simultaneously for her conviction under Case No. F:09-9136M-01, for Count 2: assault, resisting, or impeding

certain officers or employees, in violation of 18 U.S.C. § 111(a)(1), a Class A misdemeanor (currently Case No. 10-cr-198-wmc). Defendant was placed on two years' probation on each case with the sentences to run concurrent. On December 15, 2010, jurisdiction was transferred to the Western District of Wisconsin.

Defendant began her term of probation on February 18, 2010.

On January 10, 2011, defendant violated the statutory condition which prohibits her from unlawfully possessing a controlled substance when she possessed diclofenac that was prescribed to her son. On January 7, 2011, defendant violated Special Condition No. 3 requiring her to successfully participate in an approved program for substance abuse, which may include urine, breath, or sweat patch testing when she failed to submit a urine specimen. She further violated Special Condition No. 3 on January 28, 2011, when she possessed clonazepam and ibuprofen in her room at Fahrman Center, against their rules, resulting in her unsuccessful discharge from their treatment program.

Defendant's conduct falls into the category of a Grade B violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke probation upon a finding of a Grade B violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 24-month term of probation imposed on defendant on February 18, 2010, will be revoked.

Defendant's criminal history category is I. With a Grade B violation and a criminal history category of I, defendant has an advisory guideline term of imprisonment of 4 to 10

months. Defendant's original offenses include two Class A misdemeanors, which carry a statutory maximum imprisonment term of 12 months on each count and one Class B misdemeanor, which is not subject to the sentencing guidelines but carries a statutory maximum term of imprisonment of six months, for a total possible statutory penalty of 30 months' custody.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, the Court has selected a sentence within the guideline range which is sufficient to hold defendant accountable for her violation behavior.

## ORDER

IT IS ORDERED that the period of probation imposed on defendant on February 18, 2010, is REVOKED and defendant is sentenced to four months' imprisonment on each count to run concurrent with eight months' supervised release to follow on Case No. 10-cr-198-wmc only. All terms and conditions previously imposed will remain in effect, with a special condition:

> Spend up to 120 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay her own medical expenses, if any, and is to pay 25% of her gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

The court recommends defendant's placement be at a facility as close as possible to her grandchild in Eau Claire, Wisconsin.

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration.

Defendant is to be registered with local law enforcement agencies and the state attorney general before her release from confinement.

Entered this 22nd day of February 2011.

BY THE COURT:

William M. Conley
U.S. District Judge